# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MAURICE MATTHEWS,

        Petitioner,

v.                                    Civil Action No. 5:09cv28
                                        (Judge Stamp)

RONNIE R. HOLT, Warden,

        Respondent.

## REPORT AND RECOMMENDATION

On February 20, 2009, and March 2, 2009, the Court received correspondence from the petitioner in his criminal cases, which complains of the way his federal sentences are being calculated by the Bureau of Prisons.[1]  As relief, the petitioner seeks the proper calculation of his sentence and his release from imprisonment.  The Court construed the petitioner's letters as a request for habeas relief under 28 U.S.C. § 2241 and opened a case accordingly.  However, in order for the petitioner to more clearly set forth his claims, the Court directed him to file a habeas corpus petition on the standard forms utilized by this Court.  The petitioner did so on March 16, 2009.

Pursuant to 28 U.S.C. § 2241(a), a writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge *within their respective jurisdictions*."  (Emphasis added).  Furthermore, the court "may decline to entertain an application for writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it."  § 2241(b).

In <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 434 (2006), the Supreme Court of the United States

---

[1] The petitioner was convicted and sentence by this court in case numbers 5:02cr70-4 and 5:05cr60-1.

found that the proper respondent to a habeas petition is "the person who has custody over the petitioner." See also Braden v. 30th Judicial Circuit Court of KY., 410 U.S. 484 (1973). Moreover, the Court found that the custodian of a habeas petitioner is "the person with the ability to produce the prisoner's body before the habeas court." Id. at 435 (internal quotations omitted); see also Wales v. Whitney, 114 U.S. 564 (1885) (the writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody).

Here, it is clear, that at the time this case was filed, the petitioner was incarcerated at USP-Canaan in Waymart, Pennsylvania. Thus, the proper respondent in this case is the Warden of that facility, Ronnie Holt. That being the case, jurisdiction over this case lies in the Court with personal jurisdiction over Warden Holt. Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004). That court is the United States District Court for the Middle District of Pennsylvania. Id. ( the "Great Writ is issuable only in the district of confinement") (internal quotations omitted). Thus, this court lacks jurisdiction over the petitioner's claims for purposes of 28 U.S.C. § 2241. Id. Consequently, this Court must either dismiss this case or transfer it to the Middle District of Pennsylvania. See 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

A review of the Court's docket shows that on June 29, 2009, the petitioner contacted the Clerk's Office and advised a deputy clerk that he had been released from incarceration. That fact is confirmed by the inmate locator found on the Bureau of Prisons' website. See www.bop.gov. Accordingly, the petitioner's claims are now moot. See Powell v. McCormick, 395 U.S. 486, 496 (1969) (a case becomes moot when there is no viable legal issue left to resolve); Blanciak v.

Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996) (if developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot). Because it serves no logical purpose to transfer a moot case,[2] the undersigned recommends that this case simply be **DISMISSED without prejudice**.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: August 11, 2009.

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE

---

[2] The undersigned notes that there are exceptions to the mootness doctrine such as where a case may involve collateral consequences providing a continued significant stake in the outcome, or where a case is capable of repetition but evading review. See Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir. 1994). However, neither of these exceptions apply in this case.