IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MAURICE MATTHEWS,

        Petitioner,

v.                                        Civil Action No. 5:09CV28
                                                        (STAMP)
RONNIE R. HOLT, Warden,

        Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND DENYING AS MOOT PETITIONER'S
MOTION FOR IN FORMA PAUPERIS**

I.  Background

The pro se[1] petitioner, Maurice Matthews, sent correspondence to this Court in his criminal cases[2] complaining of the way that his federal sentences were being calculated by the Bureau of Prisons ("BOP"). This Court construed the petitioner's letters as a request for habeas relief pursuant to 28 U.S.C. § 2241, opened a civil case accordingly, and ordered the petitioner to file a habeas corpus petition to clearly set forth his claims. The petitioner thereafter filed a habeas corpus petition with this Court, as well as a motion to proceed in forma pauperis.

This matter was referred to United States Magistrate Judge David J. Joel for a report and recommendation pursuant to Local

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

[2] The petitioner was convicted and sentenced by this Court in Criminal Action Nos. 5:02-cr-70-4 and 5:05-cr-60-1.

Rule of Prisoner Litigation Procedure 83.09.  On August 11, 2009, the magistrate judge entered a report and recommendation recommending that the petitioner's § 2241 petition be dismissed without prejudice.  The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation.  Neither party filed objections.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made.  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous."  <u>See</u> <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979).  Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III.  Discussion

The magistrate judge recommended to this Court that the petitioner's § 2241 petition be dismissed without prejudice as moot.  Specifically, the magistrate judge found that because the petitioner was incarcerated at United States Penitentiary-Canaan[3] ("USP-Canaan") at the time that this civil action was filed, that this Court does not retain jurisdiction.  <u>See</u> <u>Rumsfeld v. Padilla</u>,

---

[3]USP-Canaan is located in the Middle District of Pennsylvania.

542 U.S. 426, 434-35 (2004) (the writ of habeas corpus acts upon the person with the ability to produce the prisoner's body before the habeas court; therefore, the only proper respondent is the petitioner's custodian). Consequently, the magistrate judge held that this case must either be dismissed or transferred to the Middle District of Pennsylvania. Because the petitioner was released from custody on June 19, 2009, however, the magistrate judge ultimately recommended that this case be dismissed as moot.

This Court finds no clear error in the magistrate judge's recommendation. The jurisdiction of federal courts is limited to live cases or controversies. U.S. Const. art. III, § 1. When a case ceases to present a viable legal issue requiring resolution, the case becomes moot. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which renders it moot, the case must be dismissed. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-99 (3d Cir. 1996).

Here, the petitioner is asking for this Court to secure the proper calculation of his sentence, as well as his release from imprisonment. Nevertheless, the BOP inmate locator website establishes that the petitioner was released from custody on June 19, 2009. Because the petitioner has been released from the custody of the BOP, the petitioner's legal challenges no longer require resolution. Accordingly, this case is now moot, and it serves no purpose to transfer this case to the Middle District of Pennsylvania.

## IV. Conclusion

For the reasons set forth above, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby, AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's § 2241 petition is DENIED and DISMISSED WITHOUT PREJUDICE. Furthermore, in light of this Court's findings, the petitioner's motion for leave to proceed in forma pauperis is DENIED AS MOOT.

Moreover, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:     September 21, 2009

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE